**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| FRANCISCO OLIVENCIA, | : | Case No. 3:25–CV–535 (SVN) |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| BREWER, *et al.*, | : | |
| *Defendants*. | : | July 16, 2025 |

<u>**INITIAL REVIEW ORDER**</u>

*Pro se* Plaintiff Francisco Olivencia, a sentenced inmate currently incarcerated at Garner Correctional Institution ("Garner CI"),[1] filed this civil rights suit under 42 U.S.C. § 1983, alleging violations of his Eighth and First Amendment rights.

Plaintiff has since amended his complaint, and his Second Amended Complaint is now the operative pleading.  *See* Second Am. Compl. ("Compl."), ECF No. 15.  He sues thirteen Defendants in both their individual and official capacities, and he seeks both injunctive relief and monetary damages.  *Id*. at 1–2, 13.  The Defendants are:  Correctional Officer Brewer; Correctional Officer Rosa; Correctional Officer DeCampos; Correctional Officer Ycazza; Correctional Officer Romanelli; Lieutenant Harrel; Counselor Supervisor McKenzie; Correctional Officer McBurnie; Correctional Officer Bermudez; Nurse Helen; Nurse Green; Warden Maldonado; and Captain Byars.  *Id*. at 1–2.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental

---

[1] According to the Department of Correction website, Plaintiff was sentenced on July 24, 2024, to serve a maximum of seven years and six months in prison.  *See* https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=360284 (last visited July 14, 2025).  The Court may take judicial notice of matters of public record.  *See, e.g.*, *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-CV-1425 (KAD), 2023 WL 1818545, at *2 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information).

entity.  28 U.S.C. § 1915A(a).  Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review pursuant to 28 U.S.C. § 1915A.[2]  Based on this initial review, the Court orders as follows.

## I.    FACTUAL BACKGROUND

The Court summarizes only those facts necessary to provide context for its initial review. The Court accepts the allegations in Plaintiff's Second Amended Complaint, ECF No. 15, as true for purposes of this initial review order.  *See Iqbal*, 556 U.S. at 678.

Plaintiff alleges that, on January 16, 2025, he received a ticket for flagrant disobedience from Defendant Bermudez and was sent to the Restrictive Housing Unit ("RHU").  Compl. ¶ 4. Once Plaintiff was in the RHU, Defendant Brewer intentionally turned off the water in Plaintiff's cell, causing his faucet and toilet to stop functioning.  *Id.* ¶ 6.

Over the course of five days, Plaintiff asked Defendants Brewer, Ycazza, DeCampos, Green, Rosa, Helen, McBurnie, Maldonado, Harrell, and Romanelli to turn his water back on but he received no assistance.  *Id.* ¶¶ 6–16.  That lack of access to water impacted his ability to take

---

[2] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).  Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard.  *See Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A complaint that includes only "'labels and conclusions,'" "'a formulaic recitation of the elements of a cause of action'" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

his daily medication.  *Id*. ¶¶ 7–10, 15.  An officer turned the water back on for him briefly on

January 20, 2025, but then Defendant Ycazza and Defendant Decampos turned it off, once again.

*Id.* ¶¶ 15, 16.

Plaintiff also alleges that Defendants Romanelli, Helen, and Green failed to request

medical attention for Plaintiff when he was exhibiting signs of dehydration.  *Id*. ¶¶ 13, 21.  Plaintiff

alleges he spent a total of five days without access to water, resulting in headaches, a flushed face,

sunken eyes, and lack of sleep.  *Id*. ¶¶ 16, 21.

Plaintiff claims that after he filed a grievance about his lack of water (once out of the RHU),

Defendants Brewer and Byars began retaliating against him, acting in a hostile and aggressive

manner.  *Id*. ¶¶ 17–19.

## II.  DISCUSSION

The Court first considers whether Plaintiff has alleged any plausible claims of

constitutional violation under 42 U.S.C. § 1983.

### A.  Relief Sought

To the extent Plaintiff asserts official capacity claims for monetary damages against

Defendants as state actors, those claims are dismissed because they are barred by the Eleventh

Amendment.  *See e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  To the extent Plaintiff

asserts individual capacity claims for monetary damages against Defendants, the Court proceeds

to consider below whether Plaintiff may pursue any such claims.

Plaintiff also requests for injunctive relief, which the Court construes as being brought

against Defendants in their official capacity, because injunctive relief cannot be sought against

state official in their individual capacity.  *See Kuck v. Danaher*, 822 F. Supp. 2d 109, 143 (D.

Conn. 2011); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (holding that

plaintiffs may only sue state officials in their official capacities to the extent that they seek non-monetary, injunctive relief). Plaintiff seeks injunctive relief only as related to his First Amendment retaliation claim. *See* Compl. at 13 (requesting an injunction against Defendants prohibiting any retaliation or harassment). Because Plaintiff does not seek injunctive relief related to his Eighth Amendment claims—which are the only claims as to which the Court concludes Plaintiff may proceed—all claims against Defendants in their official capacities are dismissed.

Finally, Plaintiff seeks a declaratory judgment as to all Defendants stating that they violated his Eighth Amendment rights. *See id.* at 10. To the extent such relief is sought against Defendants in their official capacity, it is dismissed. *See Gutierrez v. Ruiz*, No. 3:22-CV-1058 (KAD), 2022 WL 17585968, at *7 (D. Conn. Dec. 12, 2022) (citing *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993) for the proposition that the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past").

B.    Eighth Amendment: Deliberate Indifference to Conditions of Confinement

Plaintiff alleges Defendants intentionally removed his access to water in his cell while he was housed in the RHU for five days. Compl. ¶¶ 6–16. This, he says, amounted to a deliberate indifference to his health and safety, in violation of the Eighth Amendment.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "Although the Constitution does not require 'comfortable' prison conditions, the conditions of confinement may not 'involve the wanton and unnecessary infliction of pain.'" *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981)). "To state an Eighth Amendment claim based on conditions of confinement, the inmate must allege that: (1) objectively, the deprivation the inmate suffered was sufficiently serious that he was denied the minimal civilized measure of life's necessities; and (2) subjectively,

the defendant official acted with a sufficiently culpable state of mind. . . , such as deliberate indifference to health or safety." *Walker*, 717 F.3d at 125(citations and quotation marks omitted) (ellipses in original).

Examples of an inmate's basic human needs or life necessities are food, clothing, medical care, safe and sanitary living conditions, warmth, and exercise. *See, e.g.*, *id.*; *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). To meet the subjective element, the plaintiff must show that the defendant acted with "more than mere negligence." *Walker*, 717 F.3d at 125; *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To constitute deliberate indifference, the prison official must "know of, and disregard, an excessive risk to inmate health or safety." *Walker*, 717 F.3d at 125 (citations and quotation marks omitted).

Here, water is no doubt a basic life necessity, *see Wilson*, 501 U.S. at 304, and Plaintiff's allegations sufficiently show, for initial review purposes, that Defendants Brewer, Ycazza, DeCampos, Green, Rosa, Helen, McBurnie, Maldonado, Harrell, and Romanelli knew that Plaintiff lacked access to water while in the RHU, and the danger that posed. The allegations also suffice to show that these Defendants acted with more than mere negligence in depriving Plaintiff of water. Thus, Plaintiff may proceed on his Eighth Amendment claim related to his conditions of confinement against Defendants Brewer, Ycazza, DeCampos, Green, Rosa, Helen, McBurnie, Maldonado, Harrell, and Romanelli in their individual capacities.

Although Defendants Bermudez or McKenzie were involved in notifying Plaintiff he was being sent to the RHU and escorting Plaintiff there, respectively, Plaintiff has not alleged that they were involved in the alleged deprivation of water. Thus, Plaintiff may not proceed on this claim as to those Defendants.

C.  <u>Eighth Amendment: Deliberate Indifference to Serious Medical Needs</u>

Next, Plaintiff also alleges that Defendants deprived him of access to medical attention for his worsening symptoms of dehydration.  Compl. ¶¶ 21, 23.

Deliberate indifference to a prisoner's serious medical needs may also constitute cruel and unusual punishment in violation of the Eighth Amendment.  *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This type of deliberate indifference claim likewise contains an objective requirement and a subjective requirement.  *Spavone*, 719 F.3d at 138.  First, the alleged deprivation of medical care must be sufficiently serious.  *Id.*  If a plaintiff was completely deprived of medical care, courts "examine whether [his or her] medical condition is sufficiently serious."  *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006), *abrogated on other grounds by Kravitz v. Purcell*, 87 F.4th 111, 119, 122 (2d Cir. 2023).  On the other hand, if the plaintiff received medical treatment but it was inadequate, "the seriousness inquiry is narrower," and "focus[es] on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone."  *Id.* (alteration in original; quotation marks and citation omitted).  Whether a medical need is sufficiently serious depends on factors that include if "a reasonable doctor or patient would find [the condition] important and worthy of comment," if the condition "significantly affects an individual's daily activities," and if the condition causes "chronic and substantial pain."  *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted).

Second, the defendants must be subjectively reckless in their denial of medical care; that is, they must act or fail to act while actually aware of a substantial risk that serious harm may result.  *Id.*  Deliberate indifference is a high bar: "not every lapse in prison medical care will rise to the level of a constitutional violation; rather, the conduct complained of must shock the

conscience or constitute a barbarous act." *Daniels v. Murphy*, No. 3:11-CV-286 (SRU), 2014 WL 3547235, at *8 (D. Conn. July 17, 2014) (internal citation and quotation marks omitted). "[M]ere disagreement over the proper treatment does not create a constitutional claim," and "negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." *Chance*, 143 F.3d at 703.

Here, the Court assumes, for initial review purposes, that dehydration and its accompanying symptoms are sufficiently serious to satisfy the objective standard. As for the subjective requirement, the Court concludes that Plaintiff has sufficiently alleged at this stage that Defendants Romanelli, Helen, and Green failed to give him proper medical attention for his symptoms of dehydration by allegedly ignoring his requests for help while aware he was being denied adequate water. *See Salahuddin*, 467 F.3d at 279–80; Compl. ¶¶ 13, 21.

Therefore, Plaintiff's claim for deliberate indifference to his medical needs may proceed against Defendants Romanelli, Helen, and Green in their individual capacities.

D.  First Amendment Retaliation

Finally, Plaintiff alleges Defendants Brewer and Byars retaliated against him in violation of his First Amendment rights because he filed a grievance based on his lack of access to water while in the RHU. Compl. ¶ 17.

Courts "'approach prisoner retaliation claims with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act.'" *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003)). To state a viable claim, a plaintiff must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against

the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004).

Here, the Court concludes that Plaintiff has alleged only "conclusory allegations of retaliatory conduct," which "are insufficient." *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983). Plaintiff alleges that Defendant Brewer exhibited "hostile aggression towards [him], making [him] feel uncomfortable," but Plaintiff does not describe the behavior in sufficient detail to conclude that it amounted to adverse action. With respect to Captain Byers, Plaintiff alleges Byers responded in an "aggressively hostile way" to Plaintiff's request for resolution of the issue. Compl. ¶ 20. This allegation is likewise deficient. Although Plaintiff does allege that Byers prevented another officer from signing a sworn affidavit to support Plaintiff's version of events, *id.* ¶ 19, it is not clear from the allegations that Byers did so in retaliation for Plaintiff's filing of a grievance, or, rather, simply to obstruct the investigation into the incident. The complaint could benefit from further elaboration in this regard, should Plaintiff choose to amend his complaint in response to this Initial Review Order.

Accordingly, as currently pleaded, Plaintiff may not proceed on his First Amendment retaliation claim against Defendants Brewer or Byars, and it is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## ORDERS

Based on the foregoing, the Court issues the following orders:

Plaintiff may proceed on his individual capacity claims based on:

(1) Eighth Amendment deliberate indifference to conditions of confinement claim against Defendants Brewer, Ycazza, DeCampos, Green, Rosa, Helen, McBurnie, Maldonado, Harrell, and Romanelli in their individual capacities; and

(2) Eighth Amendment deliberate indifference to medical needs claim against Defendants Romanelli, Helen, and Green, in their individual capacities.

Plaintiff's First Amendment retaliation claim against Defendants Brewer and Byars is DISMISSED.

All claims against Defendants in their official capacities are DISMISSED, and all claims against Defendants Byars, Bermudez, and McKenzie in their individual capacities are DISMISSED.

**Plaintiff has two options as to how to proceed in response to this Initial Review Order:**

(1) If Plaintiff wishes to proceed immediately **only** on the Eighth Amendment claims set forth above, he may do so without further delay. If Plaintiff selects this option, he shall file a notice on the docket on or before **August 15, 2025**, informing the Court that he elects to proceed with service as to the claims set forth in this paragraph. After Plaintiff files this notice, the Court will begin the effort to serve process on Defendants Brewer, Ycazza, DeCampos, Green, Rosa, Helen, McBurnie, Maldonado, Harrell, and Romanelli in their individual capacities as described above.

(2) Alternatively, if Plaintiff wishes to attempt to replead any of the claims asserted in his complaint that have been dismissed in order to attempt to state a viable claim, he may file an amended complaint by **August 15, 2025. An amended complaint, if filed, will completely replace the complaint, and the Court will not consider any allegations made in the original complaint in evaluating any Amended Complaint.** The Court will review any amended complaint after filing to determine whether it may proceed to service of process on any defendants named therein. If Plaintiff elects to file an amended complaint, the complaint this Initial Review Order addresses will not proceed to service of process on any defendant. If the Court receives no

response from Plaintiff by **August 15, 2025**, the Court will presume that Plaintiff wishes to proceed on the complaint as to the claims permitted to go forward in this Initial Review Order, and Plaintiff will have to show good cause if he seeks to amend the complaint in any manner in the future.

**Changes of Address**. If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1 requires that Plaintiff **MUST** notify the Court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.  Plaintiff should also notify Defendants or counsel for Defendants of his new address.

        **SO ORDERED** at Hartford, Connecticut, this 16th day of July, 2025.

                         _/s/ Sarala V. Nagala_____
                        SARALA V. NAGALA
                        UNITED STATES DISTRICT JUDGE